PRACTICE—PARTNERSHIP—CLAIM OF PROPERTY—RELIEF IN EQUITY.

JOHN DONALDSON, *vs.* HENRY KENDALL, Survivor, and ANDREW J. MILLER, Adm'r. and GREEN MITCHELL, and DANIEL B. DOUGLASS, Sheriff.

### *Bill for Discovery, Relief, and Injunction. Demurrer.*

1. A Sheriff's return on an execution, within seven years of the date of the judgment, renders it perpetual.

2. One partner cannot bind the firm by deed.

3. The Claim law of Georgia gives only a cumulative remedy. That, by action of Trespass, remains : but a party, electing one of these remedies, is bound by his election, and cannot resort to the other.

4. After a verdict at law, a party cannot, by original bill, avail himself of a relief, which he might have had, pending the action.

This bill was filed by the complainant, to enjoin Daniel B. Douglass, Sheriff of Decatur county, from putting Green Mitchell into possession of lot of land, No. 248, in the 20th district of said county. This lot of land was regularly exposed to sale, on the first Tuesday in February, 1843, and purchased by Green Mitchell, at Sheriff's sale. The complainant seeks to enjoin the Sheriff from putting the purchaser into possession, upon the following allegations, contained in his bill—First : That this lot of land was drawn by one David Harrell, of Joice's district, Hancock county, and by him sold and conveyed to Henry and Thomas H. Kendall, on the 28th day of January, 1822,—that Henry and Thomas H. Kendall, on the 14th day of December, 1822, sold and conveyed the said lot of land, to one Henry Kendall, sen'r. who, on the 13th day of December, 1836, sold and conveyed the same, to the complainant in this bill, who, thereupon went immediately into possession of said lot of land, and has greatly enhanced its value, by building houses, clearing and improving lands, &c.—that, at the April term, 1823, of Hancock Superior Court, one John L. Anderson obtained a judgment, against the firm of H. & T. H. Kendall, for the sum of five hundred dollars, besides interest and

costs,—that the fi. fa. upon said judgment was levied upon the said
lot of land, and a claim interposed, by the complainant in this bill,
returnable to the Superior Court of said county of Decatur, at the
November term, 1840, when, for the want of parties, the claim was
continued,—that at the August term, 1841, Andrew J. Miller, as
the administrator of the said Anderson, was made a party plaintiff,
and at the February term, 1842, the plaintiff in fi. fa. confessed a
judgment to the claimant, reserving the right of appeal,—that upon
the trial of the appeal, the Court having decided that the deed from
H. & T. H. Kendall, to Henry Kendall, sen'r. being executed by one
partner, in the name of the firm, could not be read in evidence, and
the execution against H. & T. H. Kendall having an entry made
by the Sheriff of Hancock county, within seven years from the date
of the judgment, being permitted to go in evidence to the Jury, that
the complainant was surprised, by the decision of the Court, upon
these two questions of evidence; and that, inasmuch as H. & T. H.
Kendall had conveyed an equitable title to Henry Kendall, sen'r. and
that being the only link defective in the chain of title of the com-
plainant, to the aforesaid lot of land, and that as the equitable title
had vested in Henry Kendall, sen'r. under whom this complainant
holds, on the 14th day of December, 1822, anterior to the date of
the judgment, obtained at Hancock Superior Court, April term,
1823, in favor of the said Anderson, against the said H. & T. H.
Kendall,—that to permit Mitchell, the purchaser at Sheriff's sale,
with a knowledge of these facts, to dispossess the complainant, before
he can be permitted to resort to a Court of Equity, for the purpose of
attempting to perfect and complete his chain of title, would be to
give him an unconscientious advantage, which a Court of Equity
should restrain.

These are the material allegations in this bill, and which I shall
consider in the nature of "*a bill for a new trial.*"  To this bill, the
respondents demur, generally.

The first and second points, to be considered and settled by the
Court, in this bill, are, whether the Court erred, in permitting the
fi. fa. of Anderson, having but one entry of "no property to be found
in the county," made by the Sheriff of Hancock county, within seven
years from the date of the judgment, to be read in evidence to the

[Donaldson *vs.* Kendall & al.]

Jury, upon the trial. That an execution, having an entry made, and returned by the proper officer, within seven years from the date of judgment, may be perpetuated, is the construction that has ever been given to the Act of 1823 (*Prince D.* 458) by all of my predecessors in this Circuit, and is the construction, which, I have been credibly informed, has been given to it by Judge Cole, and was given to it by him, too, upon a former trial of this very case. Such a construction, to say the least of it, is entirely consistent with a literal construction of its provisions. Upon a careful review of this point, therefore, I am still satisfied with the decision of the Court, as conforming to the decisions made almost universally by our Judges.

In the second place, let us see if the Court can sustain itself, in the decision rejecting the deed of H. & T. H. Kendall, then made in the firm name, by one of the co-partners, upon the trial of the claim in the Court below. In the case of Harrison *vs.* Jackson and others, in 7 *T. R.* 207, Lord Kenyon remarked, that it was the first time that he had ever heard it seriously contended, except in case cited at *nisi prius*, that one partner might make a deed, binding the firm. Such a doctrine, he remarks, would be most alarming to the mercantile world. "One partner cannot charge the firm, by deed, with a debt, "even in commercial dealings. It would be inconsistent with techni- "cal rules, and contrary to the general policy of the law: for the execu- "tion of a deed requires a special authority."—3 *Kent's Com.* 23. See also 3 *John. Cases*, 180, Clement *vs.* Brush, where the very point, now before the Court, was decided.

So much, then, by way of authority, as would seem to sustain, most clearly and conclusively, the decision of the Court, upon the two points, in regard to which, it is urged, by the complainants, that they were taken by surprise. I have thus adverted to these author-ities, to satisfy counsel, that so far as they might be justly entitled to call upon the Court, either by bill or motion, to reverse its decisions, and to correct them when erroneous, the bill, from this consider-ation, is not entitled to be further considered.

But let us now consider the allegation, in the third place, which urges upon the consideration of the Court an equitable title in Henry Kendall, sen'r. vesting anterior to the date of the execution of An-

c*

derson, and which they seek to perfect into a legal title, by calling upon Henry Kendall, survivor of H. & T. H. Kendall, to respond to the charges of the complainant, of a design and an attempt to convey a legal title to Henry Kendall, sen'r. who had paid a full and bona fide consideration for the said lot of land, to the firm of H. & T. H. Kendall. Before we can determine whether the complainant can now come into Equity, and enjoin Mitchell, the purchaser at Sheriff's sale, under the aforesaid fi. fa. of Anderson, until his titles can be perfected, after a trial at common law upon the claim; we shall have to determine, first, as to the character of our claim law, under our Statute. After consultation and mature deliberation, I am satisfied that our claim laws are cumulative, in their character, of the common law. By the common law, an action of trespass was the almost universal remedy, to try the right of property, levied on, and claimed by a third party. Our [Statute does not, in terms, nor by implication, repeal the common law. An action of trespass may be brought now, or a claim may be interposed, to try the right of property. The claimant is not compelled, under our law, to interpose his claim, but may have his election. But, after having made his election, he will be bound by it. He cannot interpose his claim, go to trial upon the right of property, and then, if it is found against him, resort to his action of trespass. When he has elected to try the right of property, under our claim law, the same legal consequences will follow, as though he had sued in trespass, or in trover, or in ejectment ; and the judgment will be equally binding and conclusive. Claims, for the trial of the right of property, like trespass, are antagonistic suits. The parties have their day in Court ; and either party may file his bill for discovery, or for aid in prosecuting his claim successfully. And the claimant should have filed his bill, and have availed himself of the powers of a Court of Equity, in order to have made his claim available, if indeed it was a good one. But if he has neglected to do any thing, which he should have done, and judgment has gone against him ; Equity cannot, and will not, relieve him. After a verdict at law, a party comes too late with a bill for relief, when he might have had it, pending the suit at law.—1 *Vern.* 176. If a party has omitted to file a bill, for the discovery of facts, known to him before the trial, and material to his defence ; and has suffered a verdict to go against him, by going to trial without adequate

[Donaldson *vs.* Kendall & al.]

proof of those facts; he cannot afterwards claim an injunction, or a new trial, from a Court of Equity; for it was his own folly, not to have prepared himself with such proof, or to have filed his bill for a discovery, and to have procured a stay of trial, until the discovery.—2 *Story's Eq.* 180; Sewell *vs.* Freeston, 1 *Ch. Cases*, 65. The complainant, in his bill, shews that it was known to him, before the trial, that his deed from H. & T. H. Kendall, to Henry Kendall, sen'r. was defective; and if he has gone to trial, without an effort to perfect his title in Equity, by filing his bill in aid of his claim at common law; it is his own folly. The cases of Thompson *vs.* Berry & Van Buren, 3 *John. Ch. R.* 395, Le Guen *vs.* Governeur, 1 *John. Cases*, 436, are in point. If the claimant had been ignorant of the fact, that his titles were defective, pending the claim; or if he had been unable to have filed his bill, in support of his title; or if the plaintiff in fi. fa. had obtained his verdict by fraud, or possessed himself of something improperly, by means of which he has obtained an unconscientious advantage; equity will relieve.—2 *Story's Eq.* 182, *Eden on Injunctions, chap.* 3, *p.* 10, 11. But where the party first submits to try at law, with a knowledge of the facts, upon which he rests in support of his title, and a verdict is rendered against him; he cannot then come into equity, and file his bill for discovery and relief, and enjoin the operation of the verdict, until he can have another trial in Equity, in attempting to perfect his title.—1 *Johns. Cas.* 436; 1 *John. Ch. R.* 51; 3 *Ib.* 395; 12 *Mass. R.* 268; 1 *Vesey*, 527.

In the trial of the claim, at common law, the same rules apply, in admitting or rejecting evidence, as in an action of trespass. The verdict of the Jury is against the claimant, and his rights are concluded by the judgment of the Court. And to all intents and purposes, the trial of the claim case as fully settles the rights of the purchaser at Sheriff's sale, after the trial that has been had upon the claim, as the verdict of a Jury, and the judgment of a Court, can settle it. The allegation of the complainant, therefore, that he holds under Henry Kendall, sen'r, in whom titles vested in December, 1822, previous to the date of Anderson's judgment, and that he does not hold under the defendants in fi. fa. is not true in fact: for, if the deed from H. & T. H. Kendall was properly rejected, which I have already attempted to prove, and as, I flatter myself, I have successfully done;

[Donaldson *vs.* Kendall & al.]

there was no evidence before the Jury, that titles ever had gone out of Henry Kendall and Thomas H. Kendall; but that they still held said lot of land, subject to the fi. fa. aforesaid. The respondent, Mitchell, therefore, having become the purchaser at Sheriff's sale, for a valuable consideration, in a fair and open transaction, and the defendants in fi. fa. H. & T. H. Kendall, still having vested in them the legal title to the said lot of land, up to February, 1843, when the Sheriff of Decatur county, at public sale, sold and conveyed the same to the said Green Mitchell, who was then and there the highest bidder; it is, therefore, the duty of the Sheriff, under the act of 1823 *Prince's D.* 458, to put him into possession of the aforesaid lot of land.

For these reasons, it is therefore ordered by the Court, that the demurrer to this bill be sustained, and the bill dismissed. It is also further ordered, that the Sheriff of said county, Daniel B. Douglass, proceed, instanter, to place Green Mitchell into the possession of lot of land No. 248, in the 20th district of originally Early, now Decatur, county.

WARREN & SCARBORO, T. C. SULLIVAN, for complainant.
C. B. STRONG, S. T. BAILEY, for respondent, Mitchell.